## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

**CHRISTOPHER BLAIR DESHAUN ROBINSON,**
**ADC #164517**                                                                                          **PLAINTIFF**

**V.**                                **CASE NO. 2:18-CV-44-DPM-BD**

**JEREMY ANDREWS,** *et al***.**                                                                    **DEFENDANTS**

### RECOMMENDED DISPOSITION

**I.    Procedures for Filing Objections**

This Recommended Disposition (Recommendation) has been sent to Judge D.P. Marshall Jr. Any party to this suit may file written objections with the Clerk of Court. To be considered, objections must be filed within 14 days. Objections should be specific and should include the factual or legal basis for the objection.

If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record.

**II.   Background**

On March 7, 2018, Plaintiff Christopher Blair Deshaun Robinson, an Arkansas Department of Correction (ADC) inmate, filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #2) Because of his litigation history, Mr. Robinson is not eligible for *in forma pauperis* (IFP) status in federal court absent an allegation that he is in imminent danger of serious physical injury. (#4) His only claims indicating imminent danger are against Defendants William Giggleman, Jeremy

Andrews, Shemika Brown, Gary Smith, and Tiffany Davis for deliberate indifference to his mental health needs. (#14, p.6, #27) Specifically, Mr. Robinson alleges that Defendants knew of his suicidal ideation, yet failed to provide him treatment. (#14, p.6, #27)

Defendant Giggalmen moved for summary judgment on the issue of exhaustion, contending that Mr. Robinson never filed a grievance complaining about his mental health treatment and, therefore, did not exhaust his administrative remedies. (#85) Likewise, Defendants Andrews, Brown, Smith and Davis moved for summary judgment, also contending that Mr. Robinson failed to exhaust any grievances against them regarding mental health treatment. (#88)

Mr. Robinson responded to the motions, arguing that he did file a grievance about the lack of appropriate mental health treatment but never received a response. (#92, #95, #101, #102) In support of his response, he attaches a grievance that he filed on November 16, 2018. (#92) Defendants all filed replies to Mr. Robinson's response. (#99, #100)

### III.   Exhaustion

The Prison Litigation Reform Act requires the Court to dismiss any claim that was not fully exhausted prior to the filing of a civil lawsuit under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the

2

[prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory"). An inmate's subjective beliefs about exhaustion are irrelevant in determining whether administrative procedures are available. See *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

The Inmate Grievance Procedure, Administrative Directive (AD) 14-16, was in effect at all times relevant to the claims in this lawsuit. (#90-1) Under AD 14-16, inmates must exhaust all administrative remedies before filing a lawsuit to redress constitutional violations. (*Id.*) After filing a grievance at the unit level, an inmate must proceed through each step of the grievance process, even he has not received a response to the grievance.

According to the testimony of Shelly Byers, the ADC grievance coordinator, prior to filing his complaint, Mr. Robinson never filed *any* mental health grievances. Ms. Byers states that Mr. Robinson did file one grievance concerning medication on December 27, 2016, but he did not exhaust that grievance. (#87-1)

Defendant Giggleman supports his motion for summary judgment with a "Health Services Encounters" document that shows each of Mr. Robinson's health appointments while confined at various ADC units. (#87-2) Defendant did see Mr. Robinson on several occasions, but never at the EARU, where Mr. Robinson's claims arose. (*Id.*) The last time Defendant Giggleman treated Mr. Robinson was on May 19, 2017, at the Varner Supermax Unit. (#87-2)

3

In his response to the motions for summary judgment, Mr. Robinson asserts that he filed a grievance regarding the lack of mental health treatment but never received a response from the mental health staff. (#92, p.1) The only evidence he provides to support this assertion, however, is grievance EAM 18-02989, which he filed on November 16, 2018, eight months after filing this lawsuit. In that grievance, he complains about not receiving responses to his grievances complaining about his mental health treatment. (#92, p.20) That grievance, however, does not establish that he filed any grievances prior to filing this lawsuit. He has not offered any evidence, other than his own assertions, to contradict documents showing that he did *not* file mental health grievances. *See Aunforo v. Comm'r*, 614 F.3d 799, 807 (8th Cir. 2010) (self-serving allegations and denials are insufficient to create a genuine issue of material fact); *Frevert v. Ford Motor Co.*, 614 F.3d 466, 473 (8th Cir. 2010) (plaintiff's self-serving affidavit is not sufficient probative evidence to defeat summary judgment); (*Conolly v. Clark*, 457 F.3d 872, 876 (8th Cir. 2006) ("a properly supported motion for summary judgment is not defeated by self-serving affidavits"); and *LaCroix v. Sears, Roebuck & Co.*, 240 F.3d 688, 691 (8th Cir. 2001) (a properly supported motion for summary judgment is not defeated by conclusory statements in an affidavit). Even if Defendants had failed to respond to Mr. Robinson's grievances as he alleges, he could have proceeded with the grievance process without a response.

**IV.   Conclusion**

There is no genuine dispute about the lack of exhaustion; and there is no admissible evidence that prison officials impeded Mr. Robinson's access to the administrative process. For that reason, the Court recommends that Defendant Giggleman's and ADC Defendants' motions for summary judgment (#85, #88) be GRANTED. Mr. Robinson's claims should be DISMISSED, without prejudice, based on his failure to exhaust his administrative remedies.

DATED this 30 day of April, 2019.

_____
UNITED STATES MAGISTRATE JUDGE